THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Adam C., Appellant,
 
 
 
 
 

   v.

 
 
 
 
 Margaret B., Respondent.
 
 
 In the interest of M.C., a minor child under the age of 18.
 
 
 

Appeal From Florence County
Angela R. Taylor, Family Court Judge

Unpublished Opinion No.  2010-UP-269
Submitted May 3, 2010  Filed May 6, 2010

AFFIRMED

 
 
 
 April S. Purvis, of Florence, for
 Appellant.
 Marian D. Nettles, of Lake City, and
 Nicholas W. Lewis, of Florence, for Respondent.
 Michele R. Krize, of Florence, Guardian Ad
 Litem. 
 
 
 

PER CURIAM:  Adam C. (Father) appeals the family court's final order terminating his
 parental rights to his minor child (Child).  On appeal, Father contends the family court erred in finding (1) he willfully failed to support
 and visit Child and (2) termination of parental rights (TPR) was in Child's best
 interests.  We affirm.[1]
The grounds for TPR must be
 proven by clear and convincing evidence.  S.C. Dep't of Soc. Servs. v.
 Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon
 review, the appellate court may make its own finding from the record as to
 whether clear and convincing evidence supports [TPR]."  S.C. Dep't of
 Soc. Servs. v. Headden, 354 S.C. 602, 609, 582 S.E.2d 419, 423 (2003). 
 However, despite our broad scope of review, we are not required to disregard
 the findings of "the family court, who saw and heard the witnesses, [and]
 was in a better position to evaluate their credibility and assign comparative
 weight to their testimony."  Id.  The family court may order TPR upon finding one or more of eleven
 statutory grounds is satisfied and also finding TPR is in the best interest of
 the child.  S.C. Code Ann. § 63-7-2570 (2010).  
We find clear and
 convincing evidence supports the family court's finding Father willfully failed
 to support Child.[2] 
  Father did not contribute any child support while imprisoned, nor did he
 contribute to Child's care despite having the ability to do so when he was not
 incarcerated.  Margaret B. (Mother) testified she did not receive any child
 support from Father.  Additionally, Father admitted he did not make any direct
 financial contributions for Child.  Furthermore, although Father attempted to
 establish his mother (Grandmother) was contributing for Child's care on his
 behalf, the family court's finding that Grandmother provided items to Child on
 her own behalf without Father's participation is supported by clear and convincing
 evidence.  Grandmother's testimony at the TPR hearing indicated she, not
 Father, provided items to Child on her own behalf.  Moreover, the guardian ad
 litem (GAL) stated Father's efforts towards Child were minimal and it appeared Grandmother
 was the "driving force" behind the relationship.  See S.C.
 Code Ann. § 63-7-2570(4) (2010) (stating one statutory ground for TPR is met
 when the child has lived outside of the home of either parent for a period of
 six months, and during that time the parent has willfully failed to support the
 child).  
In a TPR case, the best
 interests of the child are the paramount consideration.  S.C. Dep't of Soc. Servs.
 v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interests of the child shall prevail if the child's
 interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620
 (2010).  
We find clear and convincing
 evidence in the record supports the family court's finding that termination of Father's
 parental rights was in Child's best interests.  Father has a long history of
 abusing drugs and criminal behavior stemming from his drug addiction. 
 Additionally, Father admitted he suffers from bipolar depression and acted
 violently in the past because of his mental illness.  In contrast, Mother and
 her current boyfriend are providing a stable and loving environment for Child,
 and the GAL stated Child was well-adjusted in her current home and interacted
 well with both Mother and Mother's current boyfriend.  Additionally, Mother's
 boyfriend testified he wanted to adopt Child, and terminating Father's parental
 rights would allow the adoption process to proceed.[3] 
 Accordingly, the family court correctly determined TPR was in Child's best
 interests.        
AFFIRMED.
WILLIAMS,
 THOMAS, and KONDUROS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Because we find Father willfully failed to support Child,
 we need not address Father's failure to visit Child.  See Stinecipher
 v. Ballington, 366 S.C. 92, 100 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App. 2005)
 (stating once one statutory ground is met, this court need not address whether
 any other ground for TPR has been proved).  
[3] See Doe v. Roe, 386 S.C. 624, ___, 690
 S.E.2d 573, 579 (2010) ("Overturning the family court's decision to terminate
 Father's rights clearly conflicts with the TPR statute's purpose to make a
 child eligible for adoption by someone 'who will provide a suitable home
 environment and the love and care necessary for a happy, healthful, and
 productive life.'") (quoting S.C. Code Ann. § 63-7-2510 (2010)).